IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00256-M-BM

MURDOCK READY MIXED CONCRETE,

    Plaintiff,

v.

IRONPLANT, INC., JAKE LAWSON,
BRIAN PARKS, and EMMA TUCKLEY,

    Defendants.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Brian S. Meyers. [DE 37]. After conducting a review of the pending motions, Judge Meyers recommends that the court grant Defendant's Motion to Dismiss [DE 17], deny Plaintiff's Motion to Consolidate [DE 8], and deny as moot Plaintiff's Motion for Issuance of Subpoenas [DE 36]. [DE 37] at 31. He instructed the parties to file any written objection to the M&R on or before February 14, 2025. *Id.* at 32. On February 11, 2025, Plaintiff filed an objection.[1] [DE 38]. This matter is now ripe for consideration.

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part,

---

[1] Plaintiff filed a second objection on February 25, 2025, eleven days after the deadline to do so. [DE 40]. The filing is one sentence long. *Id.* It states, "[t]he plaintiff believes that this civil filing has cited numerous Federal and State law statutes with an intent to apply the statutes to the defendants that is within the legal statute of limitations including however not limited to NC G.S. 75-1.1: Unfair and Deceptive Advertising, this could not be more true." *Id.* Plaintiff also attaches an A.I. generated response to an unknown prompt stating that N.C. Gen. Stat. § 75-1.1 has a four-year statute of limitations. [DE 40-1]. Even liberally construing this filing as an objection to a purportedly erroneous application of § 75-1.1's statute of limitations, it could not affect the disposition of this case. The M&R recommends that only Plaintiff's breach of contract and unjust enrichment claims were filed outside the applicable statute of limitations. [DE 37] at 23. It is silent as to the statute of limitations for all remaining claims, which it recommends be dismissed on other grounds. *See id.* at 12–23.

the ... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

Plaintiff's objection does not identify a specific error in the M&R's rationale. *See* [DE 38]. Instead, it largely faults Judge Meyers for failing to cite and consider a number of exhibits, including the North Carolina Auctioneer Licensing Board's order, an email sent by Defendant Tucker, and Curtis Sterling Murdock III's "affidavit of ownership." *Id.* at 3–4. All three of these exhibits were referenced and discussed in the M&R, *see* [DE 37] at 3–5, 31 n.20, and in any event, they do not affect the disposition of this case, which turns on the principles of *res judicata*, applicable statutes of limitations, and Rule 12(b)(6) pleading requirements. Plaintiff does not address Judge Meyers' application of these doctrines, and he only directly addresses the M&R insofar as to state that Judge Meyers erroneously "denied" Plaintiff's motions to consolidate and

2

issue subpoenas. [DE 38] at 5. Such allegations are conclusory and do not trigger *de novo* review. *See Orpiano*, 687 F.2d at 47.

Upon a review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendants' Motion to Dismiss [DE 17] is GRANTED, Plaintiff's Motion to Consolidate [DE 8] is DENIED, Plaintiff's Motion for Issuance of Subpoenas [DE 36] is DENIED AS MOOT, and all claims against Defendants are DISMISSED. The Clerk of Court is DIRECTED to close the case.

SO ORDERED this __3d__ day of March, 2025.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3